CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
December 18, 2024
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

**RONALD DUSTIN GUTHRIE,**

    **Plaintiff,**

v.                                                         Case No.:   7:24cv00884

**HARBOR FREIGHT TOOLS USA, INC.,**

**SERVE:**
R/A Corporate Creations Network Inc.
425 W Washington St Ste 4
Suffolk, VA, 23434 - 5320, USA

and

**JIM LIMING,** *In his Individual Capacity,*

    **Defendants.**

## COMPLAINT

The above-named Plaintiff, Ronald Dustin Guthrie ("Plaintiff" or "Mr. Guthrie"), by counsel, states as his Complaint against Defendant Harbor Freight Tools USA, Inc., ("HFT") and Jim Liming, in his individual capacity, the following:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter as it arises from the federal questions presented by Title VII of the Civil Rights Act of 1964, as codified under 42 U.S.C. §§ 2000e, *et seq.*, 42 U.S.C. § 2000e-5(f) ("Title VII"), and the Americans with Disabilities Act, as codified under Title 42 U.S.C. §§ 12101 *et seq.*, and the ADA Amendments Act of 2008 ("ADA"). *See generally* 28 U.S.C. §§ 1331, 1343(a)(4). Mr. Guthrie advances claims

under these federal laws solely against his former employer HFT.

2. Mr. Guthrie also advances a state law claim of wrongful termination pursuant to *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985). This Court possesses supplemental jurisdiction over this claim as it arises out of the same operative basis of fact as Mr. Guthrie's federal claims. *See* 28 U.S.C. § 1367. Mr. Guthrie advances this state law claim against HFT and Jim Liming, in his individual capacity. The Supreme Court of Virginia has **unequivocally** permitted the advancement of *Bowman* claims against individual defendants. *Van Buren v. Grubb*, 284 Va. 584 (2012). "We find Virginia's existing precedent permitting such suits to be consistent with the Court's established case law regarding agency relationships. It has long been settled in Virginia that employers and employees are deemed to be jointly liable and jointly suable for the employee's wrongful act." *Thurston Metals & Supply Co. v. Taylor*, 230 Va. 475, 483-84, 339 S.E.2d 538, 543 (1986); *see also Miller v. Quarles*, 242 Va. 343, 347, 410 S.E.2d 639, 642, 8 Va. Law Rep. 1271 (1991) ("Both principal and agent are jointly liable to injured third parties for the agent's negligent performance of his common law duty of reasonable care under the circumstances.")

3. The acts and/or omissions of HFT from which the following causes of action arise, occurred within Franklin County, Virginia.

4. Venue is proper in this Court, as the acts and/or omissions substantially occurred within the Court's geographic area. *See* 28 U.S.C. § 1391(b)(2).

5. Venue is appropriate as the acts and/or omissions of HFT from which these causes of action arise, occurred within the Western District of Virginia. *See* 28 U.S.C. §

1391(b)(2).

6. Mr. Guthrie timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in January of 2024. Mr. Guthrie received a Dismissal and Notice of Rights from the EEOC dated October 3, 2024, attached hereto as **EXHIBIT A**. Mr. Guthrie files suit within ninety (90) days of receipt of that Dismissal and Notice of Rights.

## II. THE PARTIES

7. Mr. Guthrie is domiciled in Franklin County and was employed by HFT at all times relevant. Mr. Guthrie identifies his gender as male.

8. HFT is a privately held "large box store" retailer headquartered in Calabasas, California. HFT employs thousands of individuals across the nation and within the Commonwealth of Virginia.

9. At all times relevant, Mr. Guthrie worked for HFT at a store located on Old Franklin Turnpike in Rocky Mount, Virginia, or remotely from his home. Numerous material acts and omissions of both Defendants occurred in the Western District of Virginia.

10. Mr. Liming worked as Regional Manager and covered multiple HFT facilities. He is believed to be domiciled in New York.

## II. FACTUAL ALLEGATIONS

11. This is a case regarding retaliation at the workplace. Mr. Guthrie engaged in numerous protected activities leading to the termination of his employment from HFT.

12. Mr. Guthrie began working for HFT on or about March 19, 2012. Exhibiting

excellent work performance over years of full-time service, Mr. Guthrie was eventually promoted to the prominent role of District Manager on or about May 30, 2016.

13. Mr. Guthrie exhibited excellent work performance for HFT during the entire course of his employment. HFT never disciplined Mr. Guthrie nor placed him upon a performance improvement plan.

14. Beginning in May of 2023, Mr. Guthrie made protected reports to HFT management and HFT human resources regarding the conduct of Regional Manager Jim Liming and Human Resources Manager Ginnie Smith. After Mr. Guthrie engaged in protected reporting, HFT and Mr. Liming ended Mr. Guthrie's career.

15. As an illustration of the contrast between his working environment before and after engaging in protected activities, HFT awarded Mr. Guthrie a performance bonus on March 13, 2023. However, in May of 2023, Mr. Guthrie's working environment deteriorated swiftly and significantly after his protected reports.

16. Mr. Liming and Ms. Smith engaged in conduct at the workplace that Mr. Guthrie reasonably believed amounted to violations of law. As detailed below, Mr. Guthrie first reported information related to Mr. Liming directly to Ms. Smith. Later, he reported information related Ms. Smith to HFT management.

17. Finally, Mr. Guthrie refused and objected to following Mr. Liming's directives that Mr. Guthrie considered to be illegal.

18. Mr. Liming made comments and engaged in activities that Mr. Guthrie, who is not a lawyer, reasonably believed violated workplace discrimination laws. Additionally, Mr. Guthrie was asked to perform tasks he reasonably believed to be illegal. Mr. Guthrie refused to do these tasks at the time that he was requested to do them by Mr. Liming.

19. The following chart identifies the protected activities of Mr. Guthrie during the last three months of his employment with HFT.

| SUBJECT MATTER OF REPORT | SENT TO: | APROX. DATE |
|---|---|---|
| Mr. Guthrie informed Mr. Liming that an HFT employee had a disability, and this angered Mr. Liming. Mr. Liming responded that he sought to fabricate evidence that the worker should be fired and directed Mr. Guthrie to do both. Mr. Guthrie refused. | Ginnie Smith<br>Jim Liming | May and June, 2023 |
| Mr. Liming directed Mr. Guthrie to falsify performance data for employees whom Mr. Liming did not like. Mr. Guthrie objected and Mr. Liming changed the performance data himself. | Ginnie Smith<br>Jim Liming | May and June, 2023 |
| Mr. Liming disparaged foreign-born employees and mocked one in front of Mr. Guthrie. Mr. Liming mocked the employee's accent and insisted that the foreign-born employee be relocated. | Ginnie Smith | May and June, 2023 |
| Mr. Liming mocked a disabled employee because of the way this employee walked. Mr. Liming pointed out the employee's walk in front of his co-workers, directed others to look at him walk, compared the disabled employee's walk to that of an animal, and mimicked the employee's walk. | Ginnie Smith<br>Jon Goodin, Dir. Employee Relations<br>Daniella Cortes, Sr. Manager, Employee Relations<br>Sallie Benson, Exec. Dir. Field Human Resources | May and June, 2023 |
| Mr. Liming informed Mr. Guthrie that he had a preference in hiring non-disabled individuals and referred to disabled workers as "slow". He then directed Mr. Guthrie not to hire "slow" workers. | Ginnie Smith | May and June, 2023 |
| Ginnie Smith discussed her sexual activity and desires in front of employees of HFT. This concerned Mr. Guthrie, given her role in | Jon Goodin, Employee Relations<br>Daniella Cortes, Sr. Manager, Employee | May 31, 2023 and June, 2023 |

5

| investigating claims of inappropriate workplace conduct. | Relations<br>Sallie Benson, Exec. Dir. Field Human Resources | |
|---|---|---|
| **SUBJECT MATTER OF REPORT** | **SENT TO:** | **APROX. DATE** |
| Since returning from medical leave, Mr. Guthrie experienced retaliation related to the information he shared with Ms. Smith in May of 2023. | John Robinson, Sr. District Manager<br>Jim Liming | August 18, 2023 |

20. On or about May 12, 2023, Mr. Guthrie contacted Ginnie Smith, a human resources manager for HFT. Mr. Guthrie detailed the conduct of Mr. Liming to Ms. Smith and had follow-up communications.

21. HFT maintains a corporate hotline/outlet for reports of discriminatory and retaliatory conduct at the workplace. Ms. Smith directed Mr. Guthrie ***not*** to report the matter to the corporate hotline/outlet which alarmed Mr. Guthrie.

22. Mr. Guthrie became alarmed when HFT suddenly terminated a District Manager in New Jersey after the District Manager made similar reports of the inappropriate and unlawful behavior of Mr. Liming. This District Manager was known within the company to have exhibited excellent work performance prior to reporting issues concerning Mr. Liming.

23. Later that month, a District Manager reported to Mr. Guthrie that human resources manager, Ginnie Smith, had engaged in inappropriate conduct at the workplace.

24. Ms. Smith made comments in front of HFT employees that were offensive and

6

discriminatory on the basis of sex/gender. The comments included detailed discussions of her sexual activities and desires. The comments were objectively offensive at the workplace, particularly when uttered by an employee tasked with receiving and investigating reports of inappropriate language.

25. Mr. Guthrie reported this information to HFT Employee Relations and Human Resources on or about May 31, 2023.

26. Very soon after reporting these incidents, Mr. Guthrie was told by Mr. Liming that his performance had suddenly come into question. "Figure it out or it won't be good for you," Mr. Liming stated.

27. There was no problem with Mr. Guthrie's work performance. Indeed, Mr. Guthrie had exceeded or at least met all expectations and had posted the best results in his Region on multiple occasions.

28. Due to the great emotional stress placed upon him at the workplace, Mr. Guthrie experienced exacerbated episodes of depression and anxiety that were treated by health care providers.

29. Mr. Guthrie was medically diagnosed and has received ongoing treatment for these health conditions, all of which are recognized disabilities pursuant to the Americans with Disabilities Act. Mr. Guthrie's disabilities affect his daily activities such as focusing, ambulating, and talking.

30. Mr. Guthrie's disabilities required medication prescribed by a physician. Due to these disabilities that affected daily life activities, Mr. Guthrie began a period of medical leave at HFT on or about June 19, 2023. This period of leave was an accommodation for Mr. Guthrie's disabilities.

31. Mr. Guthrie took approximately six weeks of medical leave before returning to work on or about August 8, 2023.

32. Mr. Guthrie experienced retaliation upon his return. Meetings were scheduled without his notice and management ostracized him at every opportunity.

33. On August 18, 2023, Mr. Guthrie emailed his supervisors and reported that, since using medical leave for his disabilities, he had begun experiencing retaliation.

34. Very soon thereafter, Mr. Liming stated to Mr. Guthrie, "your behavior is not in place."

35. Mr. Guthrie also reported that Ms. Smith had directed Mr. Guthrie to never use the corporate discrimination hotline / outlet.

36. Six days after transmitting this protected activity, HFT wrongfully terminated Mr. Guthrie's employment on August 24, 2023. In the termination meeting, Sallie Benson stated that he was being terminated "because of your apparent unhappiness in the role."

37. HFT engaged in discrimination and retaliation in violation of the Americans with Disabilities Act, as codified under Title 42 U.S.C. §§ 12101 *et seq.*, and the ADA Amendments Act of 2008 ("ADA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. Mr. Guthrie has suffered numerous damages based upon the intentional acts of HFT.

### COUNT I:  CLAIM FOR TITLE VII RETALIATION AGAINST DEFENDANT HFT ONLY

38. Mr. Guthrie incorporates by reference herein the preceding paragraphs of this Complaint.

39. At all times material hereto, HFT had an obligation to maintain a work environment that was not charged with discrimination and hostile to individuals within

classes protected by law or individuals who had engaged in activities protected by law.

40. Mr. Guthrie engaged in the protected activity of reporting observances of discrimination and hostility in good faith at the workplace.

41. Due to these reports, Mr. Guthrie has suffered instances of retaliation.

42. The above-referenced employees were acting in the course and scope of their employment with HFT at the time of their actions, therefore, HFT is liable for their actions under the doctrine of *respondeat superior*. Their actions against Mr. Guthrie were committed during working hours and at their place of employment and/or were in conjunction with work-related responsibilities.

43. As a direct and proximate result of Defendant's actions, Mr. Guthrie suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

44. At all times relevant, Mr. Guthrie performed his work at a satisfactory level, meeting or exceeding Defendant's legitimate business expectations.

45. At all times material hereto, Defendant engaged in a retaliatory practice or practices with malice or reckless indifference to the federally protected rights of Mr. Guthrie so as to support an award of punitive damages.

46. The above-described acts by Defendant constitute retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*.

47. Mr. Guthrie is entitled to all reasonable costs, including attorneys' fees associated with this matter, plus interest, pursuant to 42 U.S.C. § 2000e-5(k).

48. HFT also acted with actual malice or reckless disregard of the protected rights of Mr. Guthrie so as to support an award of punitive damages.

## COUNT II: CLAIM FOR RETALIATION IN VIOLATION OF THE ADA
### AGAINST DEFENDANT HFT ONLY

49. Mr. Guthrie incorporates herein by reference the preceding paragraphs of this Complaint.

50. Specifically, and at all times relevant, Mr. Guthrie suffered from the disabilities of clinical biologically-based major depression and anxiety for which he sought medical treatment.

51. In the alternative, Mr. Guthrie was regarded by HFT as having such disabilities.

52. HFT had notice of Mr. Guthrie's disabilities and his need for an accommodation.

53. At all times relevant, however, Mr. Guthrie could perform the essential functions of his job.

54. At all times relevant, Mr. Guthrie was performing his work at a satisfactory level and meeting or exceeding the legitimate business expectations of HFT.

55. Mr. Guthrie revealed his disabilities to supervisory employees and required the use of an accommodation.

56. In response, Mr. Guthrie was retaliated against as described above.

57. Any reasons given by HFT for its treatment of Mr. Guthrie were pretextual, as Mr. Guthrie met HFT's legitimate expectations.

58. Mr. Guthrie' adverse employment actions occurred under circumstances that raise a reasonable inference of unlawful retaliation based upon his protected activities under the law.

59. The above-described acts by HFT and employees of HFT constitute retaliation in violation of the Americans with Disabilities Act, as codified under Title 42 U.S.C. §§ 12101 *et seq.*, and the ADA Amendments Act of 2008.

60. HFT also acted with actual malice or reckless disregard of the protected rights of Mr. Guthrie so as to support an award of punitive damages.

### COUNT III: WRONGFUL DISCHARGE: *BOWMAN* CLAIM
### AGAINST BOTH DEFENDANTS

61. Mr. Guthrie incorporates herein by reference the preceding paragraphs of this Complaint.

62. Mr. Guthrie's employment was terminated due to his refusal to perform illegal acts.

63. Mr. Guthrie was terminated in violation of *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985).

64. As a direct and proximate result of the actions of HFT, Mr. Guthrie has suffered and will continue to suffer economic loss and emotional distress, shame, humiliation and embarrassment, and other non-pecuniary loss.

65. HFT's decision to terminate Mr. Guthrie because of his refusal to follow the illegal directives of Mr. Liming violates *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985) and thus Mr. Guthrie may advance the tort of wrongful termination.

66. Mr. Liming was a supervisor and substantially higher than Mr. Guthrie in the chain of command at HFT and held hiring and firing authority.

67. Mr. Guthrie informed Mr. Liming that an HFT employee had a disability, and this angered Mr. Liming. Mr. Liming responded that he sought to fabricate evidence that the worker should be fired and directed Mr. Guthrie to do so. Mr. Guthrie refused. Mr. Guthrie is not a lawyer however he knew that intentionally creating false documentation or data that damaged an employee's reputation or led to their termination was unlawful.

68. Such activities by Mr. Liming are unlawful under the federal discrimination laws cited above. In addition, the act of directing Mr. Guthrie to create false performance

11

documentation violates state criminal laws such as Va. Code § 18.2-417. Slander and libel, Class 3 Misdemeanor.

69. Mr. Guthrie objected, opposed, and refused this illegal directive from Mr. Liming.

70. Further, Mr. Liming knew that Mr. Guthrie opposed falsifying performance data, and circumvented Mr. Guthrie after he refused his directives.

71. From Mr. Guthrie's perspective, Mr. Liming orchestrated Mr. Guthrie's termination from HFT.

72. As a direct and proximate result of the actions of HFT and Mr. Liming, Mr. Guthrie has suffered and will continue to suffer economic loss and emotional distress, shame, humiliation and embarrassment, and other non-pecuniary loss.

73. HFT and Mr. Liming both acted with actual malice or reckless disregard of the protected rights of Mr. Guthrie so as to support an award of punitive damages.

WHEREFORE, Plaintiff Ronald Dustin Guthrie prays for judgment against Defendant Harbor Freight Tools USA, Inc., and Jim Liming, jointly and severally, and for equitable relief, compensatory damages, punitive damages, together with prejudgment interest, post-judgment interest, back pay, front pay, and for costs and attorneys' fees, and for such other and further relief as may be just and equitable.

TRIAL BY JURY IS DEMANDED ON ALL ISSUES UPON WHICH A TRIAL MAY BE DEMANDED INCLUDING THE ENFORCEABILITY OF ANY ARBITRAION AGREEMENT.

Respectfully submitted,

**RONALD DUSTIN GUTHRIE**

/s/ Thomas E. Strelka
Thomas E. Strelka, Esq. (VSB # 75488)
VIRGINIA EMPLOYMENT LAW

Thomas E. Strelka, Esq. (VSB # 75488)
L. Leigh Rhoads, Esq. (VSB # 73355)
VIRGINIA EMPLOYMENT LAW
4227 Colonial Avenue
Roanoke, Virginia 24018
Tel:  540-283-0802
thomas@vaemployment.law
leigh@vaemployment.law
*Counsel for Plaintiff*